OPINION
On May 27, 1997, Houston Byrd filed a complaint against John J. Peden in the Franklin County Court of Common Pleas. In essence, Mr. Byrd averred Mr. Peden had charged Mr. Byrd legal fees for services not performed. Mr. Byrd claimed Mr. Peden violated the Code of Professional Responsibility and caused Mr. Byrd emotional distress. Mr. Peden filed a Civ.R. 12(B)(6) motion to dismiss asserting, in part, that any claim for legal malpractice would be barred by the applicable one-year statute of limitations. On October 3, 1997, the trial court denied Mr. Peden's motion to dismiss, in part, on the basis that Mr. Peden failed to discuss whether the statute of limitations for legal malpractice was tolled during Mr. Byrd's exhaustion of his "administrative remedies." On October 28, 1997, Mr. Byrd filed a motion for summary judgment. This was denied on February 13, 1998.
On March 4, 1998, Mr. Peden filed a motion for summary judgment. Mr. Byrd filed what was, essentially, a memorandum contra. Mr. Byrd also filed a motion for summary judgment. On May 20, 1998, the trial court rendered a decision and entry granting partial summary judgment in favor of Mr. Peden. The trial court, treating Mr. Byrd's claim as one in malpractice, found that the statute of limitations had run. However, the trial court found genuine issues of fact existed as to Mr. Byrd's claim for emotional distress and, therefore, this claim remained. On October 19, 1998, Mr. Byrd filed an entry of dismissal, dismissing the remaining claims.[1]
Mr. Byrd (hereinafter "appellant") now appeals to this court. Appellant has not set forth a specific assignment of error; however, under his "STATEMENT OF THE ISSUES PRESENTED FOR REVIEW," appellant has set forth the following for our consideration:
 The relevant question in this appeal is whether, after viewing credible evidence for the adjudication of this matter, any rational trier of fact can find the elements of this matter preponderant. Therefore, due to the prejudicial error made by the Court of Common Pleas and in light of the manifest weight of evidence that is being [sic], the appellant files this appeal. The appellant files this motion on two counts alleging claims regarding: 1.) due process of law; and 2.) the reckless indifference and perjuries of the appellee regarding "charging for services not rendered".
This appeal stems from the trial court's May 20, 1998 decision and entry granting partial summary judgment in favor of Mr. Peden (hereinafter "appellee") on appellant's claim for legal malpractice. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. SeeSmiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
In the case at bar, the trial court concluded that summary judgment was appropriate because appellant failed to file his complaint within the statute of limitations for legal malpractice claims. The statute of limitations for legal malpractice is one year. R.C. 2305.11(A). Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his or her injury was related to his or her attorney's act or non-act and the client is put on notice of a need to pursue his or her possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever is later. Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus.
The trial court found that the alleged billing errors occurred in late summer/early fall 1995. The complaint herein was filed on May 27, 1997. The trial court further concluded that even if the statute of limitations was somehow tolled during the time the fee dispute was being arbitrated by the Columbus Bar Association ("CBA"), the result of such arbitration was reduced to judgment on April 30, 1996. Therefore, appellant still would not have filed the action herein within one year of such judgment. Accordingly, the trial court granted summary judgment in favor of appellee on the legal malpractice claim.
Appellant, in essence, does not address the statute of limitations issue. Instead, appellant sets forth arguments regarding the substantive issue of whether or not evidence was presented showing appellee charged appellant for services not rendered. We do not address any argument relating to a claim of emotional distress because appellant dismissed such claim after the parties settled such dispute. The only issue in this appeal is whether or not summary judgment as to the legal malpractice claim was properly granted in favor of appellee on statute of limitations grounds. We find that summary judgment was appropriate.
In May 1995, appellant retained appellee as legal counsel in order to obtain a divorce. Appellee also represented appellant in a neglect/dependency action in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. In approximately August 1995, appellee's representation of appellant terminated. Appellant disputed certain fees charged by appellee, and appellant contacted the CBA about such dispute. On December 13, 1995, the CBA wrote appellant informing him that it had reviewed his grievance regarding the legal fee dispute with appellee. The CBA stated that sufficient cause did not exist to warrant the filing of formal disciplinary proceedings and, therefore, the CBA was dismissing appellant's complaint/grievance. However, the CBA directed appellant to its Fee Arbitration Service which, upon the agreement of the attorney and client, would determine the propriety of the fees at issue.
Appellant and appellee did agree to such arbitration, the result of which was that appellee was awarded $1,100. Such award was reduced to a judgment on April 30, 1996. Appellant did not file the present lawsuit until May 27, 1997. Hence, even if the arbitration proceedings tolled the time to file a malpractice claim, appellant did not file this lawsuit within the applicable statute of limitations.
We further note that appellant contends he was denied due process. Due process, in essence, requires notice and a meaningful opportunity to be heard. See Ohio Assn. of Pub. SchoolEmp., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn.
(1994), 68 Ohio St.3d 175, 176. The record herein shows that appellant was afforded due process throughout the course of this litigation. As such, appellant's contentions in this regard are not well-taken.
Given the above, summary judgment in favor of appellee on the legal malpractice claim was appropriate. Accordingly, appellant's "assignment of error" is overruled.
Having overruled appellant's "assignment of error," the judgment of the Franklin County Court of Common Pleas is affirmed
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] The parties had apparently settled the remaining matter(s), including the claim that Mr. Peden overcharged Mr. Byrd and caused Mr. Byrd emotional distress.